CLARENCE E. MORGAN, Jr., Commissioner for the Court:[1]
*899 The appellants appeal from a judgment of the Jasper County Circuit Court rendered January 9, 1976, which affirmed the order of the Mississippi Workmen’s Compensation Commission. This order had established as the fact that appellee, Whatley, was an employee of the appellant, Donald, and that the appellant, Cottonbelt Insurance Company, was Donald’s carrier at the time of the appellee’s accident.
In September, 1973, Gerald Donald was engaged in the pulpwood business. In that month he contracted with Colonial Contractors to build a residence for him. In January, 1974, Donald terminated the contract with Colonial Contractors at a time when the house was approximately two-thirds complete. One of the carpenters, Ernest Laurendine, approached Donald with the request that Donald continue the construction of the house utilizing the workmen who had been working on it. This Donald proceeded to do under an arrangement whereby Donald would furnish the materials for the house construction and pay union wages to the workers for finishing the residence. Laurendine acted in'no supervisory capacity other than keeping time on the workmen. The workmen were all paid by Donald by means of his personal check every Friday. The workmen furnished their own carpenter equipment, however, Donald furnished some equipment from his wood-yard for the construction of the house.
On February 18, 1974, while working on the roof of the Donald house, the appellee, Whatley, fell and was severely injured. The extent and severity of his injuries are not controverted on this appeal. He filed a claim for workmen’s compensation which was granted by the administrative judge, and affirmed by the Workmen’s Compensation Commission. On appeal to the circuit court the action of the Commission was affirmed.
Gerald Donald was engaged in the pulpwood business. Prior to his contract for the erection of his residence, and the subsequent injury, he was insured by Cottonbelt Insurance Company as an employer under the Mississippi Workmen’s Compensation Law. That policy was in full force and effect at the time the appellee was injured. The policy was issued to Gerald Donald personally and not to his pulpwood corporation, which was known as Hickory Timber Corporation. He owned another corporation called Ger-Don, Inc., which was also a pulpwood business. The record shows that he had a total of four employees in these corporations at the time the policy was issued by Cottonbelt but it also showed that his work force varied from time to time. The classification of operations entry on the policy is as follows: “Tie, post or pole yards — including drivers.” The record is clear that at no time during the construction of the residence subsequent to the discharge of Colonial Contractors was there less than five persons engaged in that construction.
Both appellants make the following assignments of error:
(1) The court erred in finding that the construction of Donald’s residence was a business activity subject to the Mississippi Workmen’s Compensation Act; and
(2) The court erred in finding that the appellee was an employee of Donald subject to the Mississippi Workmen’s Compensation Act.
The appellant Cottonbelt makes the following additional assignments of error:
(1) The court erred in finding that the construction of Donald’s residence was a business activity subject to the Mississippi Workmen’s Compensation Act;
(2) The court erred in finding that the alleged employer-employee relationship was subject to the Mississippi Workmen’s Compensation Act; and
(3) The court erred in finding that the policy issued by Cottonbelt to Donald covered the appellee’s injury.
We address ourselves first to the question of whether Whatley was an employee of the appellant Donald. Under the rule established by this Court in Laurel Daily Leader, Inc. v. James, 224 Miss. 654, 80 So.2d 770 (1955) and Boyd v. Crosby Lumber and Manufacturing Company, 250 Miss. 433, 166 *900 So.2d 106 (1964), the appellee clearly was an employee of Donald.
Appéllants rely on several cases from other jurisdictions in their argument that to be covered the endeavor must be a business for profit and that the construction of a residence dwelling by the owner is not within the purview of the Mississippi Workmen’s Compensation Law. The workmen’s compensation laws of the various states were adopted at different times and are not uniform in provisions. We, therefore, look to the relevant Mississippi statute, which is Mississippi Code Annotated, Section 71-3-5 (1972), and which states in part as follows:
The following shall constitute employers subject to the provisions of this chapter: every person, firm and private corporation, including any public service corporation but excluding, however, all nonprofit charitable, fraternal, cultural, or religious corporations or associations, that has in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.
It is apparent from the language of this statute that any person having in his employ the service of five or more workmen or operatives regularly employed in the same business or in or about the same establishment under any contract of hire is within the provisions of this statute. The section excludes from coverage only “non-profit charitable, fraternal, cultural or religious corporations or associations.” Donald does not come within any of these exclusions. Therefore, this contract of hire was within the purview of the Mississippi Workmen’s Compensation Law, and the employment of Whatley was within the purview of the Workmen’s Compensation Law.
Cottonbelt contends that even if the ap-pellee was an employee of Donald and his employment within the purview of the Workmen’s Compensation Law, that neither the employment nor the employee was covered by the policy of insurance it issued to Donald. When the policy was issued Donald had only four employees, although there is some evidence that the number of employees varied in his business, and we note that the policy was issued to him individually rather than to the corporation through which he handled his pulpwood business. Donald stated on the hearing before the administrative judge that he intended for the policy to cover all of his employees. In any event, since it was issued to him personally it had the effect of covering all of his employees in any activity which was within the purview of the statute.
Appellant relies upon the fact that the policy of insurance listed as a classification of operations only “tie, post or pole yards— including drivers.”
Larsen, Workmen’s Compensation Law, § 93.20, states as follows:
However, the routine statement of classification on the policy, which is relative to the assigning of rates as between insurer and employer, should not out-, weigh the unqualified language of a full coverage statute specifically designated to deal with the problems caused by incomplete insurance coverage discussed at the outset of this section.
The fact that Donald’s policy was rated or that his premiums were based on a type employment that the claimant was not engaged in at the time of his injury, bears little effect on the question of the application of the full coverage statutes.
Larsen, supra, states in section 93.42 of his work that:
. It may be pointed out that the company’s payrolls are open to the insurer’s inspection; it can, therefore, be said to be up to the insurer, if there is any controversy about coverage, to bring an action for any premiums the employer refuses to pay .
The facts of this case are that the claimant, appellee Whatley, was an employee of appellant Donald, and that appellee was employed on an endeavor within the purview of the statute; further, Donald had a good and valid policy of insurance issued by the appellant Cottonbelt Insurance Company, at the time of appellee’s injury, and the *901 appellee is, therefore, entitled to Workmen’s Compensation benefits under Mississippi law.
For the reasons stated, this case should be and is affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.