# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60579

———————

American Compensation Insurance Company,

*Plaintiff—Appellant*,

*versus*

Hector Ruiz, *doing business as* Los Primoz Construction;
Raul Aparacio; Jesco, Incorporated; Appalachian
Underwriters, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-213

_____

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This workers' compensation case arises from an accident suffered by Raul Aparacio during the course and scope of his work for Hector Ruiz d/b/a Los Primoz Construction ("Ruiz"). At the time of the accident, Ruiz had a workers' compensation policy with American Compensation Insurance Company ("ACIC") governed by Mississippi law. Despite providing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60579

benefits to Aparacio under the policy, ACIC initiated this lawsuit to declare the policy void *ab initio* based on a material misrepresentation in Ruiz's application for the policy. ACIC also sought damages from Appalachian Underwriters ("Appalachian"), an insurance wholesale outlet, based on Appalachian's failure to alert ACIC of the results of a phone survey indicating that ACIC had used the incorrect classification rating when issuing the policy. The district court dismissed all ACIC's claims on summary judgment. ACIC now appeals. Because we cannot make a reliable *Erie* guess as to whether the Mississippi Workers' Compensation Act ("MWCA") allows ACIC to void Ruiz's policy *ab initio* based on the material misrepresentation in the policy application, we CERTIFY that question to the Mississippi Supreme Court.

## I. Factual Background

In January 2017, Ruiz entered into a subcontractor agreement with JESCO, Inc. ("JESCO") to provide temporary labor for a construction project in Starkville, Mississippi. As part of the subcontractor agreement, Ruiz was required to cover his employees under a workers' compensation policy. In 2018, Ruiz enlisted the Van Wallace Agency—with whom he had previously worked—to help him procure a workers' compensation policy for his work on the JESCO project. Jonathan Wallace, who prepared Ruiz's insurance application, relied on Ruiz's past applications with the agency to complete Ruiz's 2018 application. In response to a question asking whether Ruiz performed work above two stories in height, Jonathan Wallace responded "no." Wallace testified that he did not ask Ruiz whether he worked at heights and did not review this insurance application question with Ruiz. Ruiz confirmed that Wallace never reviewed the insurance application with him but testified that he had told Wallace that his company "[a]lways" performed work above the ground.

No. 22-60579

Wallace submitted the application to Appalachian, an insurance wholesale outlet for whom Van Wallace acted as an agent under a written agreement. Appalachian, in turn, acted as an intermediary between retail agents and ACIC pursuant to a Marketing Services and Agency Agreement ("MSAA"). Under the MSAA, Appalachian served as an "independent contractor" for ACIC and its authority was limited to the provision of "marketing responsibilities and duties." Under a provision of the MSAA titled "Quality of Services," ACIC and Appalachian agreed to "serve each other faithfully" and "perform all acts necessary for the proper conduct of the business on behalf of both parties."

Ruiz's insurance application contained only a 5221 code, which is applicable to construction and concrete work that does not anticipate work at heights. During the process of binding the policy, however, questions arose as to whether Ruiz performed work at heights due to his prior workers' compensation policies. Before submitting Ruiz's application to ACIC, for example, an Appalachian underwriter, Andrew Cook, solicited written confirmation from Wallace that the 5221 code indicating that Ruiz did not perform work at heights was correct. Maureen Carter, an underwriter for ACIC, also expressed skepticism about the inclusion of the 5221 code in Ruiz's application after noting that four of Ruiz's prior policies—available to ACIC through the National Council on Compensation Insurance database—contained a 5022 code, which contemplated work at heights. At ACIC's request, Appalachian asked Wallace for confirmation that Ruiz did not perform work at heights. Wallace prepared a document stating the Ruiz did not perform work at heights and signed Ruiz's signature on the document; Ruiz disputes that Wallace was authorized to use his signature. After Wallace submitted the statement, Ruiz told Wallace he did in fact perform work at heights, but Wallace never corrected the information he provided to Appalachian.

ACIC ultimately issued Ruiz a workers' compensation policy governed by Mississippi law. ACIC's policy for Ruiz included both the 5221 (no work at heights) and 5022 (work at heights) codes in the policy, though Ruiz was not charged a premium under the 5022 code since it was marked "[if] any" under the policy. Carter included the 5022 code in the policy, based on the discrepancy between the information in the 2018 application and Ruiz's prior policies, so ACIC could later re-classify the policy and premiums if Ruiz were at any point found to work at heights. Under the policy, ACIC had the right to inspect Ruiz's workplace to confirm the "insurability of the workplace[s] and the premium to be charged," though ACIC did not perform an inspection.

After the policy issued, Risk Control Group ("RSG"), a loss control survey company hired by Appalachian to perform phone verification surveys for its clients, contacted Ruiz to perform a survey at Appalachian's request. During the phone survey—for which Ruiz was charged $100—Ruiz disclosed to an RSG representative that his company performs work at heights of twenty to thirty feet above the ground. On or about May 10, 2020, RSG uploaded the results of the survey to a system shared with Appalachian. Appalachian did not share the results of the survey with ACIC, though the survey was available to ACIC upon request. Appalachian's underwriting expert testified that under "generally accepted industry standards," underwriters typically reviewed the results of phone surveys "within 30 to 45 days" after receiving them. A representative of Appalachian further testified that generally it did not automatically forward survey results to insurance carriers, but rather referred to them if questions arose from carriers.

On June 25, 2018, Aparacio fell and was injured while working at least fifteen feet above ground on the JESCO construction project. ACIC provided workers' compensation benefits to Aparacio pursuant to the policy and

No. 22-60579

Mississippi law because, as ACIC's corporate representative testified, "[r]egardless of that code being there, any injury that happened would have been covered. It had nothing to do with the class code." After learning that Aparacio was injured while working above ground, ACIC adjusted the class codes and premiums on Ruiz's policy to account for work at heights. ACIC's corporate representative testified that ACIC decided to seek to void Ruiz's policy because it wanted to avoid further losses incurred in providing benefits to Aparacio under the policy.

## II. Procedural History

ACIC initiated this lawsuit against JESCO and Ruiz seeking a declaration that under Mississippi law Ruiz's workers' compensation insurance policy is void *ab initio* and that ACIC has no duties under the policy. After some initial discovery, ACIC added RSG, Jonathan Wallace, and the Van Wallace Agency as defendants.[1] ACIC further amended its complaint to seek damages against Appalachian based on Appalachian's alleged breach of the MSAA, breach of its fiduciary duties to ACIC, and negligence. After completing discovery, the parties filed cross-motions for summary judgment. The district court granted Appalachian's, Ruiz's, and JESCO's motions for summary judgment, denied as moot ACIC's motion for summary judgment on its declaratory judgment claims, and entered final judgment in favor of Appalachian, Ruiz, and JESCO. ACIC timely appealed the district court's entry of summary judgment dismissing its claims.

## III. Standard of Review

We review a district court's grant of summary judgment de novo, applying the same standard on appeal as was applied below. *Tiblier v. Dlabal*,

---

[1] RSG was dismissed from this lawsuit by agreement of the parties, and ACIC later reached a settlement agreement with Jonathan Wallace and the Van Wallace Agency.

743 F.3d 1004, 1007 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. SmithKline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.*

## IV. Discussion

The district court granted the summary judgment motions of Ruiz, JESCO, and Appalachian, making an *Erie* guess that Mississippi law does not allow ACIC to void the workers' compensation policy *ab initio* based on the material misrepresentation in Ruiz's application for the policy. The district court further determined that ACIC failed to demonstrate that Appalachian breached any portion of the MSAA, owed ACIC any fiduciary duty, or proximately caused ACIC's alleged injuries—based in part on its finding that ACIC could not rescind the policy under Mississippi law. The district court further denied ACIC's motion for summary judgment on its declaratory judgment claims as moot in light of its conclusion that ACIC could not void the policy as a matter of law. On appeal, ACIC asks this court to reverse the district court, render judgment in favor of ACIC on its requests for declaratory judgment, and remand ACIC's damages claims against Appalachian so they may proceed to trial.

In evaluating whether Mississippi law allows ACIC to deem Ruiz's policy void *ab initio*, the district court acknowledged that the issue presents a

question of first impression under Mississippi law. The Mississippi Supreme Court has found coverage to extend to employees performing work outside that contemplated by workers' compensation policies at the time of their injuries. *Nat'l Sur. Corp. v. Kemp*, 64 So. 2d 723, 731, *suggestion of error overruled*, 65 So. 2d 840 (Miss. 1953) (carrier obligated to compensate employee injured while hanging political banners where workers' compensation policy only contemplated coverage for "gin operations"); *Donald v. Whatley*, 346 So. 2d 898, 900 (Miss. 1977) (carrier must cover injuries arising from injury related to construction of home where policy only contemplated work for pulpwood business operations). In *Kemp*, the Mississippi Supreme Court instructed that "the Workmen's Compensation Law should be given a broad and liberal construction and that doubtful cases should be resolved in favor of compensation." *Kemp*, 64 So. 2d at 725. Yet in 2012 the Mississippi legislature amended the MWCA to remove any liberal interpretations favoring beneficiaries. MISS. CODE. ANN. § 71-3-1 (West 2012) ("[N]otwithstanding any common law or case law to the contrary, this chapter shall not be presumed to favor one party over another and shall not be liberally construed in order to fulfill any beneficent purposes."). Moreover, *Kemp* and *Donald* addressed the issue of coverage—not recission—and the state's highest court has never addressed the specific question of whether the MWCA allows an insurer to void a policy based on a material misrepresentation.

Because this appeal raises a question of first impression under state law, we must consider whether the appropriate course of action is to certify the issue for resolution by the Mississippi Supreme Court. *See Accident Ins. Co. Inc. v. Kettley Trucking, Inc.*, No. 3:19-cv-730 at Doc. #95 at 13 (S.D. Miss. Sept. 2, 2020) (rescission of a worker's compensation insurance policy under the MWCA is "an open question of Mississippi law"). The rules of the Mississippi Supreme Court allow for the certification of dispositive questions

of Mississippi law from federal courts of appeals. MISS. R. APP. P. 20. The issue presented here satisfies that condition.

The issue presented also satisfies the three factors used by this court in deciding whether to certify:

1) the closeness of the question and the existence of sufficient sources of state law;

2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and

3) practical limitations on the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

*In re Gabriel Inv. Grp.*, 24 F.4th 503, 507 (5th Cir. 2022); *see also Austin v. Kroger Tex. LP*, 746 F.3d 191, 196 (5th Cir. 2014). Here, Mississippi law is unsettled on this issue, and "any *Erie* guess would involve more divining than discerning," especially considering the 2012 amendments to the MWCA. *See* MISS. CODE. ANN. § 71-3-1; *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020). The district court in this case concluded that the MWCA does not allow for recission based on a material misrepresentation but indicated that it was "inclined" to certify the question if the Mississippi statute so allowed. MISS. R. APP. P. 20 (indicating that only "the Supreme Court of the United States or [] any United States Court of Appeals" may certify "questions or propositions of law" to the Mississippi Supreme Court).

Comity interests also favor certification. The question of whether the revised MWCA allows recission based on a material misrepresentation presents a novel issue "peculiarly calling for the exercise of judgment by the [Mississippi] courts." *McKesson v. Doe*, 141 S. Ct. 48, 51 (2020). "Speculation by a federal court" about how the 2012 amendments to the

MWCA affect an insurer's ability to void a policy *ab initio* based on a material misrepresentation is inappropriate "when . . . the state courts stand willing to address questions of state law on certification." *Arizonans for Official Eng. v. Arizona*, 520 U.S. 43, 79 (1997) (alteration in original) (internal quotation marks and alteration omitted). Finally, we are unaware of any practical impediments to certification.

## IV. Conclusion

For the foregoing reasons, we CERTIFY the following determinative question of law to the Mississippi Supreme Court:

> 1) Does the Mississippi Workers' Compensation Act ("MWCA") allow an insurer to void *ab initio* a workers' compensation policy based on a material misrepresentation?

We disclaim any intention or desire that the Mississippi Supreme Court confine its reply to the precise form or scope of the question certified. We will then resolve this case in accordance with any opinion provided on this question by the Mississippi Supreme Court. The Clerk of this Court is directed to transmit this certification and request to the Mississippi Supreme Court in conformity with the usual practice.

QUESTION CERTIFIED.